IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                      CIV 03-622 JC/KBM
                                          CR CR 01-1139 JC

CORY PARKS,[1]

    Defendant-Movant.

## MEMORANDUM OPINION AND ORDER
## REJECTING MAGISTRATE JUDGE'S RECOMMENDED DISPOSITION
## AND DENYING § 2255 PETITION

The Magistrate Judge filed her Proposed Findings and Recommended Disposition on September 27, 2003. *Doc. 10.* The matter is before me on the United States' objections to the proposed findings, *Doc. 11,* the issues raised in the § 2255 petition that the Magistrate Judge did not address, and Petitioner's motion for an extension to file a "traverse," *Doc. 8.* Although I incorporate the Magistrate Judge's recitation of the basic factual background, I reject her analysis and recommended disposition. I generally agree with the reasoning set forth by the United States why this § 2255 petition should be dismissed and why Petitioner should not be permitted to file a "traverse," and incorporate that reasoning herein by reference. *See Docs. 7, 9, 11.* I take this opportunity to add a few observations.

---

[1] Petitioner uses the name Cory H. McGuinn-Parks on his pleadings. As did the Magistrate Judge, I use the name as it is spelled in the criminal record. *See United States v. Parks,* CR 01-1139 JC; *see also id.,* Jury Trial, Vol. 1 at 113.

Petitioner is no stranger to the criminal justice system, and he came before this Court because he assisted in a drug deal by delivering cocaine. True, the quantity of cocaine was small, but the discrepancies in weight that gave rise to the motion to re-weigh were plainly and conclusively clarified during the grand jury proceedings and trial. I find that trial counsel was not ineffective in failing to pursue a motion to re-weigh the drugs because Petitioner suffered no prejudice.

The United States offered Petitioner a plea, but he declined it, fired his first attorney, and chose to go to trial. He claims he did so because he feared that by implicating the person who arranged the drug deal, he would compromise the safety of his family. Despite the fact that his participation in the deal was not in dispute and that the undercover buyer could identify him, he nevertheless chose to reject a plea, go to trial, and gamble with the possibility of an acquittal. Despite the difficulty in mounting a defense under these circumstances, his second attorney rendered admirable assistance in carrying out Petitioner's wishes by attempting to introduce reasonable doubt by challenging the identification of the officers and the undercover buyer.

After the defense failed to secure an acquittal, Petitioner then tried to accept responsibility for his criminal behavior. I found his assertions of acceptance utterly unconvincing and said so during sentencing. At sentencing, I also contrasted the consequences of Petitioner's chosen course of action, with the sentencing range the Court was required to impose. And it is simply those remarks of mine that were the catalyst for the instant petition.

Wherefore,

**IT IS HEREBY ORDERED THAT:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition

    *(Doc. 11)* is REJECTED;

2.     The § 2255 petition *(Doc. 1)* is DENIED;

3.     Petitioner's motion to file a "traverse" *(Doc. 8)* is DENIED; and

4.     A final order enter concurrently herewith.

                                          */s/ John Edwards Conway*
                                      SENIOR UNITED STATES DISTRICT JUDGE